UNITED STATES of America and
Government of the Virgin
Islands, Plaintiffs,

v.

Deshaune HARRIGAN, Defendant.

No. CR.2000–599.

District Court, Virgin Islands,
D. St. Thomas.

May 4, 2001.

Jerry D. Massie, Trial Attorney, Criminal Division, United States Department of Justice, Guy H. Mitchell, Special Attorney, Criminal Division Chief, Virgin Islands Department of Justice, St. Thomas, VI, for the plaintiffs.

Michael A. Joseph, St. Croix, VI, for the defendant.

## MEMORANDUM

MOORE, District Judge.

The defendant moved to dismiss for violations of due process and the Court on November 8, 2000, ordered the parties to brief certain issues, including the authority of the two governments to prosecute this matter in the District Court of the Virgin Islands. The Court heard argument on March 22, 2001, denied the defendant's motion and was satisfied that the United States and the Government of the Virgin Islands ["Government"] have the authority to prosecute this case against the defendant, DeShaune Harrigan ["Harrigan" or "defendant"].[1] The following memorializes the bases for my oral rulings.

## I. INTRODUCTION

The defendant was initially charged by information in the Territorial Court with the following counts:

1. first degree murder, in violation of 14 V.I.C. §§ 921, 922(a)(1);

2. possession of a dangerous weapon, namely, a firearm, during the commission of a crime of violence, in violation of 14 V.I.C. § 2251(a)(2)(B);

3. unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a); and

4. alteration of identifying marks of a weapon, e.g., possession of a firearm with an obliterated serial number, in violation of 23 V.I.C. §§ 481 and 484.

(See Amended Information, Crim. No. F214/2000 (Terr.Ct.St. Thomas/St. John Div. filed July 7, 2000).) These charges were filed on behalf of the Government by the Virgin Islands Department of Justice through Assistant Attorney General Guy H. Mitchell. The charges stemmed from Harrigan's alleged involvement in an altercation that resulted in the death of one Jason Carroll.

After the information was filed against Harrigan in Territorial Court, the Government continued its investigation of the incident and encountered witnesses who were reluctant to help or would not cooperate with the investigation. Working with the Attorney General of the Government of the Virgin Islands, the United States then took the case to the federal grand jury to compel witnesses to testify. Although authorized by the Revised Organic Act of 1954,[2] the Virgin Islands Legislature has

---

**1.** Although neither the defendant nor the prosecution had raised it, I also noted my reluctance to sit on the trial of Mr. Harrigan since the person he is charged with shooting was Jason Carroll, the son of the First Assistant United States Attorney, James C. Carroll, who resides on St. Thomas. The parties

agreed that Chief Judge Raymond Finch would handle all further proceedings.

**2.** See REVISED ORGANIC ACT OF 1954 §§ 21(b) & 24(b), 48 U.S.C. §§ 1611(b) & 1614(b), reprinted in V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at

not established a grand jury for charging local crimes prosecuted in the Territorial Court. Mr. Jerry Massie, an attorney from the United States Department of Justice Criminal Division, was assigned to prosecute this case on behalf of the United States instead of an Assistant United States Attorney because of the management position of the victim's father in the United States Attorney's Office. Virgin Islands Assistant Attorney General Mitchell was cross-designated as a Special Attorney of the United States Department of Justice so he could appear before the grand jury and all other proceedings before this Court.

On October 12, 2000, the grand jury returned an indictment against Harrigan in the names of the United States and the Government of the Virgin Islands, charging him with the following five counts:

1. first degree murder, in violation of 14 V.I.C. §§ 921 and 922(a)(1);

2. possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B);

3. possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1);

4. possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(2)(A); and

5. unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a).

(*See* Indictment, Crim. No.2000–599 (D.V.I.St. Thomas Div. filed Oct. 12, 2000).) The Revised Organic Act allows for the prosecution of territorial charges in the District Court, together with federal charges, if the Virgin Islands offenses arise from the same factual nexus as the federal charges.[3]

With the return of the federal indictment charging similar and identical counts to those pending in the Territorial Court, the Government of the Virgin Islands moved to dismiss the information pending before the Territorial Court with prejudice, advising the court that both cases "arise out of the same set of facts" and representing that the Government will "prosecute the matter only under [the] indictment in District Court." (Government's Motion to Dismiss Information No. F214/00 With Prejudice, Crim. No. F214/2000 (Terr.Ct.St. Thomas/St. John Div. filed Oct. 26, 2000) (attached as Ex. E to Mem. of the United States Concerning Preclusive Effect of "Dismissal with Prejudice" ["United States' Mem."]).) The Territorial Court reluctantly granted the Government's motion and dismissed the information with prejudice. Harrigan offered no objection to the Government's motion in Territorial Court.

Harrigan now challenges the indictment in this Court, arguing that it must be dismissed because of due process violations. He contends that the prosecution's decision to simultaneously file charges in the two courts, the Office of the United States Attorney's obvious conflict of interest, and the prosecution's creation of a conflict between the Territorial and District Courts all violate notions of fundamental fairness in violation of the defendant's due process rights.

## II. DISCUSSION

The essence of the defendant's motion and this dispute is whether the prosecution in federal district court by grand jury indictment violated the defendant's right to

152–53 (1995 & Supp.2000) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

3. *See* REVISED ORGANIC ACT § 22(c), 48 U.S.C. § 1612(c).

due process and the protections against double jeopardy guaranteed by the Fifth Amendment.[4] The question arises because two of the five counts charged in the grand jury indictment are territorial charges identical to those in the information dismissed with prejudice by the Territorial Court, namely, first degree murder, 14 V.I.C. §§ 921, 922(a)(1), and unauthorized possession of a firearm, 14 V.I.C. § 2253(a); and two other counts of the indictment, although charging violations of the United States Code, are the federal equivalents to the territorial charges in the dismissed information, namely, possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k), 924(a)(1)(B),[5] and possession of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1).[6] The remaining count of the indictment, possession of a firearm in a school zone, 18 U.S.C. § 922(q)(2)(A), is uniquely federal in that there is no equivalent crime defined in the Virgin Islands Code.

■ For Harrigan to be placed in double jeopardy, he must first have been placed in jeopardy. Jeopardy attaches only when the defendant faces the risk of a determination of his guilt. *Serfass v. United States*, 420 U.S. 377, 390, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); *United States*

v. *Baird*, 63 F.3d 1213, 1218 (3d Cir.1995). In the case of a jury trial, jeopardy attaches when the jury is empaneled and sworn in. For a non-jury trial, jeopardy occurs when the judge begins to hear evidence. *Serfass*, 420 U.S. at 390, 95 S.Ct. 1055. Once acquitted or convicted by either a jury or the judge, a defendant is generally protected against further prosecution for the same offense. In the current procedural posture of this case, Harrigan has never been in jeopardy of a jury or judge determining his guilt of any of these charges in either the Territorial Court or the District Court. No jury had been empaneled nor had a judge begun to hear evidence on the charges when the Territorial Court dismissed the criminal information. Since jeopardy never attached to any of the charges brought in the Territorial Court, Harrigan cannot be placed in double jeopardy on any of the charges brought in the federal indictment.

■ The answer to the remaining subsidiary question of what effect the Territorial Court's dismissal *with prejudice* of the two territorial charges of first degree murder and unauthorized possession of a firearm repeated in the federal indictment is thus obvious. It has no effect on these proceedings.[7] Only a judicial ruling that

---

4. The Fifth Amendment is made applicable to the Virgin Islands by section 3 of the Revised Organic Act. 48 U.S.C. § 1561.

5. *See, e.g.*, 23 V.I.C. §§ 481, 484 (alteration of the identifying marks on a firearm).

6. *See, e.g.*, 14 V.I.C. § 2251 (possession of a dangerous weapon during the commission of a crime of violence).

7. The parties implicitly conceded at the hearing that the only counts at issue for purposes of this discussion are the two pending charges that are identical to those originally brought by information in the Territorial Court. These counts are first degree murder and unauthorized possession of a firearm. Two other counts, possession of a firearm with an

obliterated serial number and possession of a firearm during a crime of violence, are the federal versions of territorial charges originally presented in the Territorial Court information. Without addressing the question in depth, the double jeopardy clause would not bar prosecution of these last two charges because they have different elements from their Virgin Islands counterparts, even if double jeopardy were at issue with the territorial charges presented in the federal indictment. *See United States v. Blyden*, 930 F.2d 323, 328 (3d Cir.1991) (noting that under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), double jeopardy is not implicated where federal offense requires proof of additional fact which the territorial offense did not.) The Court has already ad-

"actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged" would trigger the protections of the Double Jeopardy Clause. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 570, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). In other words, to invoke the double jeopardy protections, the dismissal must be an adjudication on the merits that amounts to a judgment of acquittal. Jeopardy does not attach just because the judge used the words "with prejudice" in dismissing the charges. Rather, the actual substance of the judge's ruling determines whether it was an adjudication on the merits or merely a procedural dismissal. *See id.* at 573, 97 S.Ct. 1349 (holding that double jeopardy analysis must be made regardless of the "label" the judge places on the ruling dismissing the charges).

In *United States v. Lindsey*, 47 F.3d 440, 444 (D.C.Cir.1995), a case with circumstances mirroring the events in the these territorial and federal proceedings against Harrigan, the United States Court of Appeals for the District of Columbia Circuit found that a dismissal with prejudice was not an adjudication on the merits. The judicial system in the District of Columbia is almost identical to that in the Virgin Islands whereby "local," non-federal offenses can be prosecuted in a federal district court. *See* D.C.Code Ann. § 11-502 (giving the United States District Court for the District of Columbia jurisdiction over "any offense under law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense"). The defendant in *Lindsey* was

first charged in the Superior Court of the District of Columbia, the functional equivalent to the Territorial Court. The government subsequently indicted and prosecuted the defendant in the federal district court for the same exact charges pending in the Superior Court indictment. The Superior Court indictment, however, had been dismissed by the trial judge with prejudice before the district court case proceeded to trial. The Court of Appeals rejected the defendant's argument that the subsequent prosecution in the district court violated his constitutional protections against double jeopardy. The court found that although labeled as a dismissal with prejudice, the Superior Court judge's ruling was "not in any sense a determination of [the defendant's] factual guilt or innocence. [The trial judge] herself indicated that the dismissal was intended merely to yield jurisdiction to the federal district court...." *Lindsey*, 47 F.3d at 444.

■ The Territorial Court's dismissal of the information against Harrigan clearly was not an adjudication on the merits. The transcript of the hearing indicates that the trial judge granted the prosecution's motion because the prosecution has the discretion to determine how, when, and where it will bring a case. (*See* Show Cause Hr'g Tr. at 8–9, *Government of the Virgin Islands v. Harrigan*, Crim. No. F214/2000 (Terr.Ct.St. Croix Div. Nov. 2, 2000) (attached as Ex. F to United States' Mem.).) The judge reluctantly granted the motion, solely on the grounds of yielding jurisdiction to the district court. Whether or not the Government of the Virgin Islands could refile the criminal in-

dressed this issue fully in *United States v. Diaz*, 1998 WL 635849, *5 (D.Vi. Sept.10, 1998) (noting distinction between territorial offenses and comparable federal offenses "growing out of the same predicate acts");

*see also United States v. Diaz, Mem.* Op. at 4, Crim. No.1998–042 (D.V.I. May 7, 1998) (rejecting argument that federal charge is the same as territorial charge for purposes of double jeopardy determination).

formation again in Territorial Court is not before me.[8] Clearly, however, until jeopardy attaches in one court or the other, the grand jury indictment and the attorney general's information may be pending in the respective courts. *See Lindsey*, 47 F.3d at 444 ("Two indictments for the same offense may be outstanding at the same time if jeopardy has not attached, and a court may dismiss either indictment before the jury is sworn without offending double jeopardy principles."). To date, no jury has been empaneled and sworn in to try the guilt of Mr. Harrigan, no judge has begun to hear evidence of his guilt or lack of guilt, no ruling has been entered that amounts to an acquittal.[9]

## III. CONCLUSION

As explained above, the Court finds that the indictment currently pending before it is valid and not barred by double jeopardy principles or other due process protections. The dismissal of parallel proceedings in the Territorial Court has no bearing on the proceedings in this Court and the prosecution against Harrigan will proceed. An appropriate order is attached.

### ORDER

For the reasons set forth in the accompanying memorandum opinion of even date, it is hereby

**ORDERED** that the defendant's motion to dismiss the indictment for due process violations is **DENIED.** It is further

**ORDERED** that the undersigned is **RECUSED** from all further proceedings in is matter.

8. It would seem that the intentions and actions of the territorial prosecutors would weigh heavily against such an attempt, although nothing in the Constitution would prevent it. For example, the° prosecution repeatedly has stated that by dismissing the information in Territorial Court, it intended to proceed against Harrigan only in this Court. (*See* United States' Mem. at 5) (stating that case would not be prosecuted in both courts); Guy H. Mitchell, Esq. Aff. ¶ 9 (stating that information was dismissed "so that case would be prosecuted solely in District Court") (attached as Ex. A to United States' Mem.); Government's Mot. to Dismiss Information No. F214/2000 With Prejudice ¶ 3, *Government of the Virgin Islands v. Harrigan*, Crim. No. F214/2000 (Terr.Ct.St. Croix Div. filed Oct. 26, 2000) (attached as Ex. E to United States' Mem.) (offering as basis for motion that the "Government will prosecute the matter only under said indictment in District Court").

9. The Court also had raised in its November 9th order the issue of whether the United States and the Government of the Virgin Islands are one sovereign, or are two distinct sovereigns. Based on the analysis *supra*, the issue is moot. Regardless of whether there is one sovereign or two, the same entity, the Government of the Virgin Islands, is bringing the disputed charges in this Court as in the Territorial Court. *See supra*, note 7 (discussing charges pending against Harrigan in federal indictment). Jeopardy has not attached either in the Territorial Court or in this Court. The only thing preventing the prosecution from proceeding with charges in both forums even at this stage is the Government of the Virgin Islands' motion to dismiss the Territorial Court information with prejudice because it intends to prosecute the charges in the District Court.